FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2013 NOV -6  PM 12:21
CLERK'S OFFICE
AT BALTIMORE
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Southern Division

UNITED STATES OF AMERICA,

    Plaintiff,

- against -

$90,286.00 in U.S. Currency,

    Defendant.

------------------------------X

Civil No. GLR 13 CV 3315

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant U.S. Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is a civil forfeiture action against U.S. currency involved in violations of the Controlled Substances Act that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

### THE DEFENDANTS IN REM

2. The defendant is $90,286.00 in U.S. Currency.

3. The defendant property was seized from Shaher A. Bsharat during a traffic stop in Cecil County, MD on November 12, 2012.

### JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States

under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881(a)(6).

5.. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(C).

6. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7. The defendant currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it was money furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, constituted proceeds traceable to such an exchange, and was used and intended to be used to facilitate such violation.

## FACTS

8. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Sgt. Jason Leichtman of the Maryland State Police which is incorporated herein by reference.

WHEREFORE, the plaintiff prays that all persons who reasonably appear to be potential claimants with interests in the defendant property be cited to appear herein and answer the complaint; that the defendant property be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the United States Marshal dispose of the

defendant property according to law; and that the plaintiff have such other and further relief as this Court deems proper and just.

Dated:   November 5, 2013

                                 Respectfully submitted,

                                 Rod J. Rosenstein
                                 United States Attorney

By: _____
                                 Stefan D. Cassella
                                 Assistant United States Attorney
                                 36 South Charles Street
                                 Fourth Floor
                                 Baltimore, Maryland 21201
                                 (410) 209-4800

## **VERIFICATION**

I, Stefan D. Cassella, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture *in rem* is based on reports and information furnished to me by Sgt. Jason Leichtman of the Maryland State Police, and that everything contained therein is true and correct to the best of my knowledge and belief.

_____
Stefan D. Cassella
Assistant U.S. Attorney

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $90,286.00 in United States Currency.

I, Jason Leichtman, Sergeant (Sgt.) of the Maryland State Police, submit that there are sufficient facts to support a reasonable belief that the $90,286.00 in United States Currency constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841. Thus, the $90,286.00 is subject to forfeiture, pursuant to 21 U.S.C. § 881(a)(6).

   a. On November 2, 2012, Trooper First Class (TFC) McNeely, of the Maryland State Police, Pro-Active Criminal Enforcement Team (PACE), stopped a 2013 Chevrolet Suburban, with Pennsylvania registration GTA7796 (the "vehicle") for failure to obey a traffic control device, in Cecil County, Maryland. Shaher A. Bsharat ("Bsharat") was identified as the driver and sole occupant.

   b. The vehicle is a rental car and is registered to Hertz Rental Car.

   c. According to the Hertz rental contract, the vehicle was rented by Sadek Abdullah, who was not present, on 11/2/2012 at LaGuardia Airport. Bsharat was listed as an authorized driver on the contract.

   d. Bsharat indicated that Abdullah was his cousin.

e. TFC McNeely conducted visual scan of the vehicle and observed that there was no visible luggage, the third row seat was folded down and there was a box of black trash bags on the rear floorboard.

f. TFC McNeely observed that Bsharat's hand was shaking uncontrollably when he handed him his driver's license.

g. Bsharat advised that he was coming from New York and going to Virginia.

h. Sergeant (Sgt.) Conner arrived on the scene to assist.

i. While speaking with Bsharat, Sgt. Conner observed that his heart was beating so fast he attempted to take his pulse. Sgt. Conner noted that Bsharat could not count as fast as his heart was beating.

j. When questioned about his travel plans, Bsharat first advised that he was traveling to Stratford, Virginia, but then stated it was Stafford, Virginia. Bsharat advised that he had been to visit a friend in Virginia a couple of months ago at the same location, but he could not describe the color or type of house.

k. Bsharat advised that he was going to meet with "Joe" for some type of business and then leave Virginia at approximately 12:00 a.m. that night to return to New York.

l. Bsharat did not know Joe's last name and advised he was thinking about buying a house.

m. Sgt. Catalano conducted a K-9 scan on the vehicle and the K-9 alerted positively for the presence of a controlled dangerous substance.

n. Sgt. Conner advised Bsharat of the positive K-9 alert, and Bsharat advised that there was a large amount of currency in the vehicle.

o. Bsharat advised that there was $90,000.00 in the rear of the vehicle.

p. A probable cause search of the vehicle was conducted and TFC McNeely observed that the left rear cup holder was partially raised.

q. Upon removing the cup holder, TFC McNeely located nine (9) rectangular aluminum foil packages located in the natural void. TFC McNeely opened the aluminum foil packages and located a large bundle of U.S. Currency wrapped in $1,000.00 bundles in each of the packages. Each bundle was wrapped in a different colored rubber band.

r. TFC McNeely continued to search the vehicle and located a black plastic bag in the center console containing additional bundles of U.S. Currency.

s. Bsharat stated that the currency in the black plastic bag also belonged to him and he was going to use it for tolls.

t. Bsharat advised that he works at a grocery store.

u. Sgt. Catalano conducted a K-9 scan on the money and the K-9 alerted positively for the presence of a controlled dangerous substance.

v. The currency totaled $90,396.00, but a $100.00 bill and a $10.00 bill were found to be counterfeit. Therefore the total currency seized was $90,286.00.

w. A criminal history check was conducted on Bsharat but yielded negative results.

x. A check for wages and employment was conducted for Bsharat through all fifty (50) states. Bsharat reported earnings totaling $3,740.00 in 2012.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746 THAT THE FACTS SUBMITTED BY THE MARYLAND STATE POLICE, IN REFERENCE TO THE SEIZURE OF $90,286.00 U.S. CURRENCY FROM SHAHER A. BSHARAT ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Jason Leichtman
Sergeant
Maryland State Police

**MEMORANDUM**

| | |
|---|---|
| DATE: | November 6, 2013 |
| TO: | Paula M. Rigby / Julie Bedenbaugh<br>Department of Homeland Security<br>U.S. Customs & Border Protection |
| FROM: | Jennifer Stubbs<br>Legal Assistant<br>U.S. Attorney's Office - District of Maryland |
| RE: | **U.S. v. $90,286 U.S. Currency**<br><br>Civil Action No.<br><br>**CATS ID No. 13-CBP-000352**<br>**Agency Case No. 2013-1308-0000848-01** |

The United States has filed a forfeiture action against **$90,286 U.S. Currency.** A copy of the Complaint for Forfeiture is attached.

Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

Thank you.


Attachment

# Department of Homeland Security
*Federal Law Enforcement Agencies*
## PROCESS RECEIPT AND RETURN

| PLAINTIFF<br>UNITED STATES OF AMERICA | COURT CASE NUMBER<br>GLR 13 CV 3315 |
|---|---|
| DEFENDANT<br>$90,286 | TYPE OF PROCESS<br>Verified Complaint in Rem |

| SERVE AT | Name Of Individual, Company, Corporation, Etc. to Serve or Description of Property to Seize<br>2013-1308-000848-01 / 13-CBP-000352 |
|---|---|
| | Address (Street or RFD / Apt. # / City, State, and Zip Code) |

| Send NOTICE OF SERVICE copy to Requester:<br><br>Jennifer Stubbs/Legal Assistant<br>U.S. Attorney's Office<br>36 S. Charles Street, 4th floor<br>Baltimore, Maryland 21201 | Number Of Process To Be Served In This Case. | |
|---|---|---|
| | Number Of Parties To Be Served In This Case. | |
| | Check Box If Service Is On USA | |

SPECIAL INSTRUCTIONS or OTHER INFORMATION TO ASSIST IN EXPEDITING SERVICE (includes Business and Alternate Addresses, Phone Numbers, and Estimated Availability times.)

Arrest property. Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of [X]Plaintiff<br>[ ]Defendant | Telephone No.<br>(410) 209-4800 | Date<br>Nov 6, 2013 |
|---|---|---|
| SIGNATURE OF PERSON ACCEPTING PROCESS: | | Date |

## SPACE BELOW FOR USE OF TREASURY LAW ENFORCEMENT AGENCY

| I acknowledge receipt for the Total # of Process Indicated. | District of Origin No. | District to Serve No. | SIGNATURE OF AUTHORIZED TREASURY AGENCY OFFICER: | Date |
|---|---|---|---|---|

I hereby Certify and Return That I [ ] PERSONALLY SERVED, [ ] HAVE LEGAL EVIDENCE OF SERVICE, [ ] HAVE EXECUTED AS SHOWN IN "REMARKS", the Process Described on the Individual, Company, Corporation, Etc., At The Address Shown Above or at the Address Inserted Below.

[ ] I HEREBY CERTIFY AND RETURN THAT I AM UNABLE TO LOCATE THE INDIVIDUAL, COMPANY, CORPORATION, ETC. NAMED ABOVE.

| NAME & TITLE of Individual Served If not shown above: | [ ] A Person of suitable age and discretion then residing in the defendant's usual place of abode. | | |
|---|---|---|---|
| ADDRESS: (Complete only if different than shown above.) | Date of Service | Time of Service | [ ] AM<br>[ ] PM |
| | Signature, Title and Treasury Agency | | |

REMARKS:

TD F 90-22.48 (6/96)

*Make (5) copies after form is signed. SEND ORIGINAL + 4 COPIES to TREASURY AGENCY. Retain Copy #5 for your file.*